

FILED
NOV 13 2017
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| NORTHERN CHEYENNE TRIBE; SIERRA CLUB; CENTER FOR BIOLOGICAL DIVERSITY; and NATIONAL PARKS CONSERVATION ASSOCIATION, <br><br> Plaintiffs, <br><br> vs. <br><br> RYAN ZINKE, as Secretary of the Department of the Interior; GREG SHEEHAN, as acting director of the U.S. Fish and Wildlife Service; HILARY COOLEY, Grizzly Bear Recovery Coordinator; and the UNITED STATES FISH AND WILDLIFE SERVICE, a federal agency, <br><br> Federal-Defendants, <br><br> and <br><br> STATE OF WYOMING, <br><br> Defendant-Intervenor. | CV 17–119–M–DLC <br><br> ORDER |

Before the Court are five cases involving the delisting of the Greater Yellowstone ecosystem grizzly bear ("GYE grizzly bear") from the Federal List of Endangered and Threatened Wildlife under the Endangered Species Act ("ESA"):

*Crow Indian Tribe et al. v. United States of America et al.*, CV 17–89–M–DLC; *Humane Soc'y of the U.S. et al. v. U.S. Fish & Wildlife Serv. et al.*, CV 17–117–M–DLC; *Wildearth Guardians v. Zinke et al.*, CV 17–118–M–DLC; *N. Cheyenne Tribe et al. v. Zinke et al.*, CV 17–119–M–DLC; and *All. for the Wild Rockies et al. v. Zinke et al.*, CV 17–123–M–DLC. These cases appear to involve common questions of law or fact.

Rule 42 (a) provides that:

If actions before the court involve a common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971). In exercising this discretion, a court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

Common questions of law and fact are present in these cases. First, all cases allege violations of the ESA and Administrative Procedure Act. Second, all causes of action arise from the same factual situation; namely, the delisting of the GYE grizzly bear from the endangered species list. In addition, all cases identify the United States Department of the Interior as a defendant. Furthermore, all cases seek similar relief from this Court; specifically, that the United States Fish and Wildlife Service's 2017 Final Rule regarding the GYE grizzly bear be vacated. This case is therefore particularly appropriate for consolidation. The Court is inclined to consolidate these cases under Rule 42(a) for purposes of briefing and oral argument, but will retain their separate characters and issue a separate judgment in each case.

Accordingly, IT IS ORDERED that the parties shall show cause as to why these five cases should not be consolidated under Federal Rule of Civil Procedure 42(a). The parties shall file their responses to this Order no later than November 29, 2017. The responses shall comply with Local Rule 7 and shall not exceed 8 pages with 14-point proportional font.

IT IS FURTHER ORDERED that in the event all parties in all five cases agree to consolidation, the parties shall coordinate amongst themselves and no later than November 29, 2017, propose procedures regarding briefing, with the

Court having an interest in not receiving the same briefs on the same subject. The parties shall also propose a briefing schedule.

DATED this 13th day of November, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court